CONFUCIUS L. GEER, RESPONDENT, *v.* JOSHUA D. LEGG, APPELLANT.

*Estoppel — False representations.*

THE defendant sold to plaintiff certain logs to which he claimed to have title by virtue of a chattel mortgage, stating that all the logs were covered by such mortgage. In fact, a portion of such logs were not covered by the mortgage. The plaintiff took the logs, relying upon such representation. Afterward, one Larkin claimed title to that portion of the logs not covered by the mortgage, and threatened to bring suit therefor. The defendant directed the plaintiff to hold the logs, and gave him the following agreement: "I hereby agree to make good to C. L. Geer the title to a lot of maple and hemlock logs; said logs being the same as covered by a mortgage given by Marvin W. Thomas to J. D. Legg, on the 9th of August, 1867." At the same time, he claimed that *all* the logs were covered by the mortgage. Larkin brought suit for a portion of the logs, and recovered judgment therefor. The referee in the above entitled action directed judgment in favor of the plain-

tiff, Geer, against the defendant, Legg, for the amount of the judgment and costs recovered by Larkin, including costs on an appeal commenced upon the advice of the defendant, but abandoned by the plaintiff. The court, at General Term, were of opinion that, though the defendant did not expressly warrant the title to the logs, and not being in possession of them no warranty was implied, yet he undertook to sell them; represented that they were embraced in the mortgage (and had such representation been true plaintiff's title would have been good); afterward agreed to defend the title to the logs embraced in the mortgage; that defendant acted upon such representation; and that upon such state of facts plaintiff was estopped from setting up that such representation was false, and that the logs were not embraced in the mortgage, and affirmed the judgment.

*Alex. Cumming*, for the appellant.

*Wm. Gleason*, for the respondent.

Opinion by LANDON, J.

Present — BOCKES, P. J., LANDON and COUNTRYMAN, JJ.

Judgment affirmed, with costs.